Ayer *v.* Fowler.

WILLIAM O. AYER *versus* EDWARD S. FOWLER & *al.*

A certificate of two justices of the peace and quorum, that they had seasonably administered the poor debtor's oath, and specifying the mode of their appointments and proceedings, and showing that the same were in compliance with the statutes, unless it be invalidated, is a bar to an action upon the bond given by him to procure his release from arrest on execution.

A copy, (certified by one of the said justices, in his capacity of justice of the peace,) of the debtor's application for a citation to the creditor, is not admissible to invalidate the certificate of the two justices.

Neither for that purpose can the plaintiff introduce a copy, (certified by one justice as aforesaid,) of the citation or of the officer's return upon it, or of the officer's statement of his mode of appointing one of the justices.

A justice of the peace, who issues a citation in such a case, acts ministerially. Such a citation need not be entered upon his judicial records. A copy of it or of the proceedings of the officer upon it, though certified by him, is not admissible in evidence.

Neither, for the purpose of invalidating the certificate of the two justices, is a copy of the disclosure admissible, unless certified by them both.

In a suit upon such a bond, parol testimony is inadmissible for the plaintiff, to show that one of the justices was appointed for the creditor by the officer, before the hour appointed for the disclosure; or to show that the debtor disclosed a note due to him, which was not appraised; or to show that the debtor had conveyed his property in fraud of his creditors.

DEBT on a debtor's six months bond. He read a certificate from two justices of the peace and of the quorum, that he had, within the six months, taken the oath mentioned as one of the conditions of the bond. To avoid the effect of that certificate, by showing some defects in the proceedings, the plaintiff introduced certain documents, which were objected to, but are to be used, so far as legally admissible in evidence. These documents were : —

1. A paper, certified by M. T., as justice of the peace, to be a copy of the debtor's application to him for a citation to the plaintiff, of the debtor's intent, to take the poor debtor's oath, and of the time and place appointed therefor.

2. Also, on the same paper, a copy certified in the same way, of the citation and of the officer's return of service thereon.

3. Also, on the same paper, a copy, certified in the same way, of the deputy sheriff's statement, that he had appointed M. T. as one of the justices of the peace and quorum to hear the debtor's disclosure, the creditor having failed to make an appointment for himself.

Also, three affidavits, subject to the same objection as would lie against the testimony, if offered on the stand; viz.: — 1st. an affidavit of one Dority, a deputy sheriff, to show that said M. T. was appointed by him, before the hour set for the disclosure, thereby precluding the plaintiff from his privilege of selecting one of the justices.

2d. An affidavit of one Hall, to show the same fact, and also the fact that the debtor disclosed a note due to him, which was not appraised.

3d. An affidavit of one Clark, to show that just previous to the disclosure, the debtor conveyed some of his property in fraud of his creditors.

The case was submitted for the decision of the Court on legal principles.

*Morrison,* for plaintiff.

1. The justices had no jurisdiction, not having been legally selected.

2. It is competent to prove this by parol. 23 Maine, 144.

3. Having no jurisdiction, their proceedings were void. 21 Maine, 191; 23 Maine, 26.

4. Property was disclosed and not appraised.

5. The copies in the case are legal evidence. Justices do not keep records jointly, the law recognizes no such course. Each justice keeps his own records. If both keep the records they must from necessity keep them separately.

6. The copy of the citation and the testimony of Dority, show that the selection of the justice by him was before the time appointed for the disclosure, and it does not appear, that he selected him as an officer.

*A. Sanborn,* for defendants.

HOWARD, J. — Fowler was arrested on execution, and gave the bond in suit, with the other defendants, as his sureties, under the provisions of the R. S. chap. 148, § 20. It was contended in defence, that he had complied with the first condition of the bond, by seasonably citing the creditor, submitting himself to examination, and duly taking the oath prescribed in the 28th section of the same chapter. He produced a certificate of two justices of the peace and of the quorum, in conformity with the provisions of the 31st section of that chapter and it was admitted without objection.

This certificate contained a statement of the manner of selecting the justices, or organizing the tribunal as follows : —

" We, the subscribers, two disinterested justices of the peace and of the quorum, in and for the county of Aroostook, selected in the manner provided by law, to wit, Thomas J. Hobart by the debtor, and the creditor failing to select, Mark Trafton by Charles W. Dority, a deputy sheriff of said county of Aroostook, hereby certify," &c.

This certificate, unless invalidated, would constitute a bar to the action. *Agry* v. *Betts & al.,* 12 Maine, 416 ; *Granite Bank* v. *Treat,* 18 Maine, 342.

The plaintiff offered in evidence, a paper purporting to be a *copy* of the original application of the debtor to Mark Trafton, as a justice of the peace, — of the citation to the creditor, by the justice, — the officer's return of service of notice upon the creditor, — a certificate of the selection of Mark Trafton, as one of the justices to hear the disclosure, " the creditor having failed to select," all being upon the same paper, and each attested as a true copy, by " Mark Trafton, justice of the peace."

Trafton acted ministerially when he issued the citation; it formed no part of his records as a judicial officer, and a copy of it, and of the proceedings of others upon it, certified by him, could not be admitted as evidence.

The case of *Knowles*, 8 Maine, 71; *Walf* v. *Washburn*, 6 Cowen, 261 ; 1 Greenl. Ev. § 493.

A paper alleged to be a copy of the disclosure of Fowler, taken by interrogatories and answers in writing, signed by the two justices of the peace and of the quorum, and certified by " Mark Trafton, justice of the peace and of the quorum," as a true copy, was then offered, subject to objections.

The two magistrates, when duly selected for the purpose, constitute a tribunal of a judicial character, with powers and duties conferred and regulated by statute.  They are empowered to examine and adjudicate upon the notification and return ; to examine the debtor on oath, concerning the state of his affairs, and his ability to pay the debt, — to administer oaths, and hear other legal and pertinent evidence, and to decide upon it; and if requested by the creditor, to cause the interrogatories to the debtor and his answers to be in writing, and subscribed and sworn to by him.  "The creditor may have a copy of the interrogatories and answers *certified by the justices*," by paying for it.  Both justices constitute the tribunal ; both may adjudicate and decide, but neither can do it separately from the other.  So copies may be authenticated by both, but not by one of them.  R. S. c. 148, § 24—32 ; *United States* v. *Percheman*, 7 Peters, 85.

A copy of the disclosure could not be admitted in evidence, if duly signed and certified by one of the magistrates only.  But the paper now offered and under consideration, does not purport to be a copy of the interrogatories and answers *signed and sworn to by the debtor*, but only a *copy of a copy* of the interrogatories and answers certified by the magistrates.  It would seem to be, at least, two removes from the original, and could not be received as evidence, if properly certified.

The testimony of Hall, Dority and Clark, if admitted, would not enable the plaintiff to maintain his action.

*Plaintiff nonsuit.*