Dewey, J.
The several parties all claim title through George B Holmes, who, it is conceded, died lawfully seised of the premises.
The demandant is one of the residuary devisees under the will of said George B. Holmes, and, as such, claims a portion of the estate, and the residue as heir of two of his co-devisees, who have deceased.
The tenant claims under a title derived through a sale by the executors of Holmes, under a license from the probate court to sell real estate to pay debt's and legacies. The sale and conveyance by the executors was to one Alexander Townsend, in the year 1830, who conveyed the same to the defendant. The question between the parties is as to the validity of the title through the executors. The deed, it is admitted, is proper in form and passes the title, if the executors had the authority to make the sale, and complied with the requisites of the statute regulating such sales. The demandant alleges that no legal authority to make the salé was conferred on the executors, by reason of the fact that, among the residuary devisees of the will, were certain minors, to whom no guardians were appointed.
This objection was not much pressed, and is not well founded. The practice in the probate court, in cases of applications of this nature by the executor, is to order notice in the manner prescribed by the statute, and it is not made the duty of the executor to obtain the appointment of guardians to all minors who may be interested in the estate, before he can obtain a license to sell the same for the payment of debts and legacies.
The proceedings in the probate court in such cases are not like those required in ordinary suits at law against a minor himself, where the plaintiff must, at his peril, see that the-party has a guardian ad litem, or other proper legal representative.
The principal objection to the validity of the executors’ sale is of a different character, namely, that the proper oath was not taken, nor proper notice of sale given by the executors.
To this the tenant sets up, in answer, that these grounds are *227 not open to the demandant, the case falling within the provisions of Rev. Sts. c. 71, § 37, limiting the commencement of actions for the recovery of real estate sold by an executor or administrator, under a license of the court of probate, to five years next after the sale.
It was contended by the demandant, that this limitation of suit to five years, applies only to estates “ sold ” by an administrator, and, therefore, necessarily requires the tenant to establish a valid sale, before he can avail himself of this statute. But this construction would render the provision in § 37 wholly nugatory. In other cases, and in all cases, no more could be required than to establish a valid sale and conveyance by the executor, by those who would defeat the estate of an heir or devisee of the same. If an action were instituted within the five years, the sale must be duly established, and,-upon the demandant’s view of the statute, if the party instituted his action after five years, no less a burden rests upon those claiming under an executor’s sale.
This provision of the statute was intended to quiet titles, and is highly proper and reasonable for the protection of those holding under this species of title.
We have no doubt but that the case falls within it, and the tenant may avail himself of the limitation of five years, as a bar to the objections proposed to be taken to the sale, the case further showing that such period of five years had elapsed after the removal of all disabilities, and the parties having shown residence in the commonwealth as required by the statute.
The defence being well maintained upon this ground, no occasion exists for considering particularly the other question, argued much at length, that of the competency of one executor as a witness in the case, and how far his conveyance with warranty to Townsend would show him incompetent. Upon this point we express no opinion. Upon the other ground, as already stated, the defence is well maintained.

Judgment for the tenant.