Justin F. Weston, Respondent, *v.* William Clark, Appellant.

1. *Execution—Lands.*—A judgment creditor purchasing the land of the execution debtor upon a sale made under execution issued upon a judgment satisfied, takes no title. The sale upon a satisfied judgment is absolutely void as to purchasers with notice.

2. *Practice—Evidence.*—The order in which evidence shall be introduced and admitted upon the trial rests in the sound discretion of the court.

3. *Judgment—Satisfaction.*—A judgment against several debtors, entered satisfied so as to discharge the lien as to one of the defendants, is satisfied as to all.

*Appeal from St. Louis Land Court.*

*Krum, Decker & Krum,* for appellant.

I. The plaintiff having given in evidence the judgment and execution in the case of James A. Monks v. Isaac T. Green and Franklin Weston, and also the sheriff's deed dated February 8, 1860, to the defendant, it was not competent for the plaintiff to give evidence tending to prove that said judgment had been satisfied before the sheriff's sale of the property in question to the defendant. The evidence shows that Weston paid some money, and gave his, or rather the note of Weston & Son, to defendant; but it does not appear that the defendant agreed to accept said note in satisfaction of said judgment—Appleton v. Kennon, 19 Mo. 637.

Weston v. Clark.

II. The abstract book of judgments, required to be kept by the clerk of the Land Court, is not a record. He simply makes entries of abstracts sent to him by the different clerks of other courts of record—§ 13, Land Ct. Act, R. C. 1855, p. 1594; Sess. Acts 1860-1, p. 510. The mode of entering satisfaction of a judgment is provided by statute—R. C. 1855, pp. 905-6, §§ 21, 23, 24. Nothing will amount to the satisfaction of a judgment but an order entered in the court in which it was rendered, or an entry on the margin of the record, witnessed by the clerk.

*T. T. Gantt*, for respondent.

The paper executed by the sheriff has no validity unless it be made in execution of a statutory power. The evidence of a judgment by a court of competent jurisdiction, still subsisting and unsatisfied, lies at the foundation of this power. If the debt has been paid, if the judgment has been satisfied, he has no pretence of power to sell. In the case at bar, the party issuing the writ, purchasing at the sheriff's sale, and taking the deed to himself, was the same person who had declared of record on the 24th of September, 1859, that the judgment had been satisfied in full—Austin's heirs v. Reed, 9 Mo. 713; Jackson v. Anderson, 4 Wend. 474.

HOLMES, Judge, delivered the opinion of the court.

Both parties claim title under the same person, from whom the possession is admitted to have been derived.

The plaintiff claims under a sheriff's sale and deed under an older judgment, the lien of which had expired, by virtue of an execution levied within five years from the date of the judgment. The defendant claims by virtue of a prior sheriff's sale and deed, under an execution issued upon a junior judgment, which was a lien unless the same had been extinguished by satisfaction prior to the issuing of the execution. The plaintiff put in evidence his own title papers, and also the judgment, assignment thereof, execution and sheriff's deed, under which the defendant claimed; and then, for

the purpose of proving satisfaction of this junior judgment, prior to the issuing of the execution thereon, showed a receipt of the assignee and owner of the judgment as follows: " Received, St. Louis, Mo., Sept. 24, 1859, of F. Weston & Son, three hundred and fifty dollars in cash, and a note payable sixty days after the above date, for the sum of three hundred and thirty-five dollars and forty cents, being for a judgment assigned to me by Mr. Monks, for the amount of six hundred and forty-four dollars and fifty cents;" and also an extract from the abstract of judgments kept by the clerk of the St. Louis Land Court, showing an entry of the same date as the receipt in the blank column ruled for such entries, and opposite the name of one of the two defendants therein, in these words: "As assignee of this judgment, I acknowledge full satisfaction of the same," written by the clerk and signed by the assignee. A witness proved that the assignee signed the receipt, and then went with him to the clerk's office and there executed the above acknowledgment of satisfaction ; that the judgment debtor who made the payment, being merely surety for the other, wishing to sell land of his own, and finding the lien of this judgment in his way, paid the amount, and caused the entry of satisfaction to be made for the consideration named in the receipt ; and that the amount of the note when due had been tendered to the defendant, who refused to receive it. He also proved that the defendant entered into possession of the land sued for, after the date of his deed from the sheriff, and had continued in possession ever since. The defendant objected to all this proof of payment, on the ground that the plaintiff had no right to invalidate thus the sheriff's deed to the defendant, after having himself given it in evidence. He also gave some testimony tending to show, that the defendant, in receiving payment and acknowledging satisfaction, intended to release the party only who made the payment, and not the other.

The material questions presented by the instructions, are, first, whether this evidence of payment should have been excluded when offered ; and, second, if not, whether it amount-

ed to such proof of satisfaction as to extinguish the judgment and render all the subsequent proceedings void.

As to the first question, we do not see any ground on which the objection can rest. There was perhaps no necessity that the plaintiff should have introduced these documents at that time, but there was no impropriety in his doing so, for the purpose of showing by virtue of what claim of title or right the defendant had entered into possession, or how he had been put in possession, and that his possession was derived from the common ancestor and under his sheriff's deed. The judgment was admissible, to show the character of the possession—1 Greenl. Ev. § 539. The plaintiff stood on his prior right of possession, and it was proper for him to show that the defendant had acquired the actual possession by means of a void deed and a fraudulent pretense of right, and was in fact an intruder upon him. It was as relevant and admissible as the evidence of payment, and the order of introducing the evidence was subject to the discretion of the court. More regularly, perhaps, it might have come in by way of rebuttal, but we see no substantial objection to its admission as a part of the plaintiff's case. It is not objected to on this ground. But it is insisted that it was an attempt on the part of the plaintiff to invalidate his own evidence, or to attack the validity of the proceedings collaterally. Their validity, as such, is neither invalidated nor attacked. It is not by reason of any error, irregularity or defect in the records and documents, in themselves, that they were sought to be avoided ; but the purpose and effect of the evidence was to show that a judgment, once regular and valid, had been paid and extinguished, and that the defendant had made a fraudulent use of the execution and proceedings thereon, regular enough on their face, but nullities in law and fact. It is not the case of calling in question the regularity and validity of judicial proceedings in a collateral suit. It is more like an attempt to contradict the party's own witness. But even in such case, the rule only precludes an impeachment of the veracity and credibility of the witness, but does

not exclude other competent testimony to prove the truth of any particular fact, in direct contradiction to what the witness may have said—1 Greenl. Ev. §§ 442–3. There is no inherent contradiction in proving the existence of a valid judgment, and its subsequent extinguishment by satisfaction.

As to payment, the evidence clearly shows that the parties intended such a satisfaction of the judgment as would extinguish the lien. For this purpose payment in cash and a note, to the full amount, was accepted by the owner of the judgment, and the receipt given expressly said it was for the judgment. The very object the party had in view in making this payment was to remove the lien, so that he could sell his own land. It did not matter whether the note was paid or not when due. Being received for the amount of the judgment, and accepted in full satisfaction thereof and for the very purpose of removing the lien, it amounted to absolute payment. The judgment was thereby satisfied and extinguished, even without satisfaction being entered of record in the court in which it was rendered—Witherby v. Mann, 11 J. R. 518. The parties did not stop here. They went directly to the clerk's office of the Land Court, and an acknowledgment of full satisfaction was there entered in the abstract of judgments. The entry was written by the clerk, in the column ruled for such entries, and signed by the owner of the judgment. The statute provides, that this abstract of judgments shall be kept by the clerk of the Land Court, and that no judgment of any court in St. Louis county shall be a lien on real estate until an abstract of such judgment shall be entered in that book; and it is to be ruled in columns, to show the names of the parties, the court in which the judgment was rendered, the date thereof and of its entry in said book; and it is also to have "a vacant column in which to state the satisfaction, or other disposition of said judgment." Liens are to have priority according to the period of their respective entries therein. This book is a record of the Land Court. The clerk is to keep it, and he has power to make these entries in it. The act requires that there shall be a column in which satisfac-

Weston v. Clark.

tion of the judgment may be stated, when made—R. C. 1855, p. 1594, §§ 13, 14. It is evidently intended that the clerk shall have power to enter this statement of satisfaction as well as to enter the judgment. The entry of the judgment makes it a lien ; the entry of the satisfaction must discharge the lien. There is as much power to loose as to bind. We see no reason why the clerk should not have this power. When the judgment is to be entered satisfied in the court in which it was rendered, the clerk has power to make the entry in vacation. This judgment was not entered satisfied in the court from which it came. How that might have affected the rights of parties without notice, or whether the entry of satisfaction in this abstract of the Land Court alone would be sufficient to impart notice to all persons, we are not now called upon to decide. Here there is no question of notice, nor of the rights of innocent parties. The defendant was an actor here, and knew all the facts. Both parties went to the clerk's office together, and made a formal entry and acknowledgment of full satisfaction. This proceeding amounted to an estoppel *in pais*, if not also by matter of record. The fact is neither denied nor contradicted. That the parties may have thought only of removing the lien upon the property of Weston, and not as against the other judgment debtor, is nothing to the purpose. They intended to make satisfaction and discharge the lien, and that could not be done without discharging both debtors. The judgment was necessarily extinguished as to both.

It has been a question whether a sale under a satisfied judgment was wholly void, or only voidable ; but it seems to be conceded that it is an absolute nullity against a purchaser with notice of the fact, and in bad faith—Reed v. Austin, 9 Mo. 713 ; Jackson v. Anderson, 4 Wend. 474. Whatever may have been the intent of the defendant here, his acts and proceedings were such as to work a positive fraud. Having received absolute payment of his judgment, he should have known that he had no right to receive another satisfaction from anybody else. He refuses the money on the note ac-

cepted in part payment when it is tendered to him, and he is now seeking to hold the property of the other debtor, which he has caused to be sold under a judgment which he had solemnly acknowledged to be paid, satisfied and extinguished. He cannot be allowed thus to receive full satisfaction with the right hand from one joint debtor, and then stretch out the left in this manner to grasp the lands of the other for the same debt. It is a gross and palpable fraud. We are of the opinion that the execution sale and sheriff's deed to the defendant were absolutely null and void.

Judgment affirmed. Judge Wagner concurs; Judge Loveace absent.