AMANDA CORBY v. JAMES MORAN *et al.*

No. 9805.

1. STATUTE OF LIMITATIONS — *irregularities in sheriff's deed cured by, if deed not void on its face.* A sheriff's deed founded upon a mortgage-foreclosure judgment is not void upon its face unless defects sufficient to invalidate it appear in the instrument itself ; and a misrecital by it of the date of the judgment upon which it is founded, which is manifestly a clerical error, and a misdescription of the land ordered to be sold, where it is manifest that the tract conveyed is a portion of the one so ordered to be sold, and a misstatement of the capacity in which plaintiff recovered judgment, as executrix instead of in her own right, do not render such deed inadmissible in evidence ; and an instruction to the jury to find against the party claiming under it, because of such misrecital, misdescription and misstatement, is error.

2. ———— *recording of sheriff's deed on satisfied judgment, does not start, in favor of purchaser with knowledge.* A sheriff's deed, founded upon a mortgage-foreclosure judgment which had been previously paid, is a nullity in the hands of the judgment creditor as purchaser ; and the recording of such deed does not start the running of the Statute of Limitations in his favor.

Error from Doniphan District Court. Hon. J. F. Thompson, Judge. Opinion filed June 5, 1897. *Reversed.*

*James F. Pitt,* for plaintiff in error.

*M. G. & J. Moran* and *Albert Perry,* for defendants in error.

DOSTER, C. J. This was an action of ejectment for the recovery of 120 acres of land.

In 1873, James Campbell borrowed $440 of Amanda Corby, and secured the same by mortgage upon a quarter-section of land of which the tract in dispute is the greater part. He having defaulted in the payment of the mortgage debt, foreclosure suit was instituted, and judgment was recovered on January 3, 1876. In April following, Mr. Campbell sold forty acres of the

mortgaged land to procure money with which to pay the mortgage judgment, and with which he did pay it, as he claims, to one Thomas Culligan, the authorized agent of Mrs. Corby. Soon thereafter, Mr. Campbell went to the Black Hills country of Dakota, and did not return until 1893. Notwithstanding the payment of the mortgage judgment, as claimed by Mr. Campbell, several orders of sale were issued thereon, under the last of which the land was sold and bid in by Mrs. Corby herself. In 1879 a sheriff's deed was executed to her as purchaser, and under it she went into possession the following January, through her tenants, and since then has continuously remained in possession through such tenants.

Upon Mr. Campbell's return this action was instituted, and thereafter a substitution was had of parties plaintiff, not necessary to be explained here. Mrs. Corby defends upon her mortgage judgment, foreclosure sale and sheriff's deed, and the five-years Statute of Limitations contained in section 16 of the Civil Code. To these defenses the plaintiffs reply that such sale and deed are nullities, and pass no title, because of the payment of the judgment upon which they are founded and because the sheriff's deed is void upon its face. Upon the trial the court instructed the jury that such deed was void upon its face, and, because thereof, directed the return of a verdict in favor of the plaintiffs, defendants in error here. The court, however, submitted to the jury the question whether the mortgage judgment had been paid prior to the sheriff's sale and deed, as alleged by plaintiffs, and the jury found, in answer to a special interrogatory upon the subject, that such judgment had been paid prior to such sale and deed.

The first question for consideration relates to the validity of the deed, and the consequent correctness of

the court's instruction to find for the plaintiffs because of invalidity apparent upon its face. This instruction of the court was error. The sheriff's deed was entirely regular upon the face of the instrument itself. It contains, however, some misrecitals of the record upon which it was founded. It recites the recovery of judgment for the sale of the 120 acres of land which it purports to convey, less a railroad right of way; whereas the judgment, in reality, was for the sale of a full quarter-section, without the reservation of such right of way. No doubt these discrepancies occur on account of the sale of the forty acres in 1876 to raise money for the payment of the debt, as alleged by plaintiffs, and also through the subsequent condemnation of a railroad right of way. Were discrepancies of land-description available to defeat such an instrument as this, those in question cannot do so, because of the manifest and proper reasons for their occurrence. The deed recites the date of the judgment as January 3, 1875,— one year earlier than it was in fact rendered, and the order of sale preceding such deed likewise made the same mistake in dates. The deed also recites the recovery of judgment by Amanda Corby " executrix of John Corby, deceased," whereas the judgment was in favor of Mrs. Corby in her own right.

When a sheriff's or other like deed is said to be void upon its face, it must be tested by what appears upon its face, and not by what appears in the record of proceedings upon which it was founded. The misrecitals of land-description and other facts 1. Irregularities in sheriff's deed cured, when. are but irregularities, and do not operate to prevent the running of the Statute of Limitations. The statute was devised for the purpose of limiting the period within which such irregularities might be urged to defeat the title under the

deed. *Young v. Walker* ( 26 Kan. 242 ) was decided upon principles directly applicable to this case. It follows, therefore, that the court's instruction to the jury to find in plaintiffs' favor because of invalidities upon the face of the deed, was erroneous.

Following the instruction to find for the plaintiffs, the court directed an inquiry into the question of payment of the mortgage judgment; for the purpose, we suppose, of determining the amount, if anything, to be paid by plaintiffs to defendant in discharge of the judgment, and as a condition precedent to regaining possession of the land. This was proper under section 613 of the Civil Code, but we are of the opinion that the question of the payment of the debt could not have been properly considered by the jury, and the facts of the case, as claimed by the defendant, properly inquired into by them, in the face of a positive instruction to find, at all events, in the plaintiffs' favor ; and especially is this true under another instruction given to the jury, to the effect that, if they believed from the evidence that Mr. Campbell had paid to Mr. Culligan, the defendant's agent, the money derived from the sale of the forty acres of land, in satisfaction of the judgment, they should find that such judgment had been paid, although they might believe from other evidence that, after such payment, Mr. Campbell had received different sums of money from Mr. Culligan. It was claimed by defendant, and evidence was introduced to prove such claim, that if the judgment had been paid to Mr. Culligan the money received by him therefor had been paid back. Thus the question of the payment of the judgment was rendered difficult of determination, by the doubt which the court's instruction threw upon the question of the subsequent reclamation of the money from

Mr. Culligan, if in reality it had once been paid to him.

That upon a future trial the law may be understood, we feel justified in saying, though not strictly necessary to the determination of the case as presented to us, that if, as a fact, the mortgage judgment was paid prior to the sheriff's sale, there can be no doubt that such sale was a nullity, and the deed founded thereon likewise a nullity, as against the defendant and all other persons having knowledge of the same ; as much so as though the fact was apparent upon the face of the deed or of the record upon which it was founded.   There can be no valid sale under a satisfied judgment.   *Weston v. Clark*, 37 Mo. 568 ;   *Durfee v. Moran*, 57 id. 374 ;   *McClure v. Logan*, 59 id. 234 ;   *Drefhal v. Tuttle*, 42 Iowa, 177 ;   *Frost v. Yonkers Savings Bank*, 70 N. Y. 553 ;   *Craft v. Merril*, 14 id. 456 ;   *Wood v. Colvin*, 2 Hill, 566.

The claimant under a sheriff's deed founded upon a sale made in pretense of satisfying a judgment already paid, cannot be protected by the five-years Statute of Limitations in this case ; and this is true whether defendant claiming under such deed is a resident of the State or a non-resident and absentee, as the defendant is said to be.   Nothing but adverse possession for fifteen years, of land so sold, will protect the purchaser's claim thereto.

2. Recording of deed on paid judgment a nullity.

For the error pointed out, the judgment will be reversed and a new trial ordered.