WILLIAM O'KEEFE *et al.* v. CHARLES F. BEHRENS *et al.*

No. 14,566.    (85 Pac. 555.)

SYLLABUS BY THE COURT.

1. LIMITATION OF ACTIONS—*Administrator's Sale Void for Want of Notice—Action by Heirs.* Section 16 of the code of civil procedure (Gen. Stat. 1901, § 4444), requiring actions brought by the heirs of a deceased person for the recovery of real property descending to them but sold by an administrator of the estate of the decedent upon an order of court directing such sale to be commenced within five years after the date of the recording of the deed made in pursuance of the sale, applies to sales which are void for want of notice to the heirs of the proceedings upon which the deed is based.

2. DESCENTS AND DISTRIBUTIONS—*Rights of Heirs to Possession and Partition.* Heirs suing for the possession and partition of real estate to which they have acquired title by descent are not required to show, as a condition precedent to recovery, that the land is not subject to appropriation for the payment of the decedent's debts.

3. PLEADING — *Written Instrument — Denial under Oath.* An allegation that a party is the owner of real property "under a valid and legal deed of conveyance duly executed" describes no written instrument whose execution is admitted unless denied under oath.

4. ——— *Administrator's Deed—Effect of Failure to Deny Execution.* Failure to deny the execution of an administrator's deed under oath does not admit the validity of the proceedings upon which it is based.

Error from Montgomery district court; THOMAS J. FLANNELLY, judge. Opinion filed April 7, 1906. Reversed.

*J. B. Ziegler*, and *S. H. Piper*, for plaintiffs in error.

*O. P. Ergenbright*, and *J. B. Tomlinson*, for defendants in error; *P. O. Jones*, of counsel.

The opinion of the court was delivered by

BURCH, J.: John F. Behrens, the owner of the real estate in controversy, died intestate in June, 1890. On January 30, 1896, plaintiff in error O'Keefe placed upon record an administrator's deed of the land to him, regular upon its face, and duly approved, executed and delivered in pursuance of a sale directed to be made by an order of the probate court. In December, 1903, the heirs of the decedent commenced an action of ejectment for the recovery of the land, and on the trial attacked the administrator's deed as void. They claimed that the probate court had no jurisdiction to grant the order of sale because no notice of the hearing of the application to sell had been given (*Mickel v. Hicks*, 19 Kan. 578, 21 Am. Rep. 161), and that unless founded upon a valid order of sale the deed could not devest them of their inheritance.

Whether the proof offered was sufficient to establish this claim need not be discussed, and is not decided. For the purposes of the case it will be assumed that no order respecting notice was made, that notice was neither given nor waived, that none of the heirs appeared in the probate proceedings, and hence that the order of sale was void and open to attack in a collateral proceeding. The question still remains whether the action was barred under the provisions of section 16 of the code of civil procedure, which reads as follows:

"Actions for the recovery of real property, or for the determination of any adverse right or interest

therein, can only be brought within the periods herein-
after prescribed after the cause of action shall have
accrued, and at no time thereafter:   .  .  .

"*Second,* An action for the recovery of real property
sold by executors, administrators or guardians, upon
an order or judgment of a court directing such sale,
brought by the heirs or devisees of the deceased per-
son, or the ward or his guardian, or any person claim-
ing under any or either of them, by title acquired after
the date' of the judgment or order, within five years
after the date of the recording of the deed made in
pursuance of the sale." (Gen. Stat. 1901, § 4444.)

The question suggested was fairly decided in the
case of *Young v. Walker,* 26 Kan. 242.   The action
there under consideration was one of ejectment
against a claimant under an administrator's deed.
There were defects in the proceedings upon which the
deed was founded.   The court held that the statute
cited applied, and in the course of the opinion said:

"We shall assume for the purposes of the case that,
except for the statute of limitations, the administra-
tor's deed would be void.   We shall assume for the
purposes of the case that the irregularities in the pro-
ceedings of the probate court, and of the adminis-
trator, are sufficient to render the administrator's deed
void in any action or proceeding that might have been
commenced before the statute of limitations had com-
pletely run, and this whether the deed was attacked
directly or collaterally; and with such assumptions we
shall proceed to a discussion of the question whether
the statute of limitations has in fact so run as to make
the deed valid.   Of course the statute of limitations
must have some use.   It was not enacted for the pur-
pose of curing administrators' deeds which were al-
ready good.   It was really enacted for the purpose of
curing administrators' deeds which would otherwise
be void.  .  .  .  If everything was regular, there
would be no need of any statute of limitations.   If the
administrator's deed was valid without such statute,
then there would be no need of the statute.   Therefore
it is evident that the statute was enacted for the pur-
pose of curing administrators' deeds which would
otherwise be void." (Pages 249, 251.)

This decision has never been overruled. In the case of *Howbert v. Heyle,* 47 Kan. 58, 27 Pac. 116, a guardian's deed was attacked in an action of ejectment. The defects in the proceedings supporting the instrument were held to be mere irregularities, the usual presumptions in favor of proceedings within the jurisdiction of the probate court were indulged, and it was decided that the deed was not vulnerable to collateral attack. The opinion was delivered by the justice who expressed the conclusion of the court in *Young v. Walker, supra.* That decision was not referred to, but, apparently forgetful of what had been written in the earlier case, the learned judge made incidental use of language from which it might be inferred that the statute of limitations in question would not apply to void sales.

Some inconclusive references to the statute appear in other decisions, and in order that all doubt regarding the matter may be removed a restatement of the court's views, and of the reasons for entertaining them, may be proper.

The probate business of this state has been exposed to administration by unskilled hands. The office is political, the terms short, and ignorance, inexperience, inefficiency and carelessness are likely to register their effects upon the devolution of titles accomplished through probate proceedings. Upon the death of a resident of a county his estate must be settled. His debts must be paid, and his real estate liable for the satisfaction of debts must be sold for that purpose, in the absence of other available assets. In justice to all persons interested land ought to be sold to the highest possible advantage, and this cannot be done unless purchasers have confidence in the security of their titles. Men will not pay for land upon which to found homes unless they are to be protected in the undisturbed enjoyment of the fruits of their enterprise. After a fair purchase has been made upon the faith

of an order of sale granted by a court of competent authority, and the purchase-money has been irretrievably distributed among creditors, it would result in the rankest kind of injustice to allow heirs to remain silent for years and then, prompted by some fortuitous circumstance, like the discovery of oil or other mineral in the vicinity of the premises, to claim them. The state itself, as a matter of public policy, is interested in the repose and stability of land titles; in the development and improvement of landed property, which doubtful tenures prohibit; and in the repression of vexatious and speculative litigation. These considerations apply as well to sales made without notice as to those of which the heirs have been legally informed.

A title which is not infirm needs no statute of limitations for its protection. If there be no defects, remedial legislation is superfluous. All the defects which vitiate probate sales must range themselves with one or the other of two classes—those which go to the jurisdiction of the court, and those which are not jurisdictional. The latter class does not render sales void or subject to attack except in a direct manner, by appeal or by statutory proceedings to reverse, vacate, or modify. The time limitations upon such proceedings are found in the provisions of the statutes fixing the period within which appeals may be taken or proceedings in error and the like may be commenced. When such time has elapsed, no matter what the irregularities may be, for all purposes of the law the proceedings are valid, and ejectment against the purchaser will not lie. There is, therefore, no room for the beneficial application of the statute cited except to forefend collateral attacks. Ejectment is a collateral proceeding. (*Fleming v. Bale,* 23 Kan. 88; *Mastin v. Gray,* 19 Kan. 458, 466, 467, 27 Am. Rep. 149; *Priest v. Robinson,* 64 Kan. 416, 420, 67 Pac. 850.) The basis of the action must of necessity be the absence of some fact essential to probate jurisdic-

tion. The language of the statute, which is plain and unambiguous, clearly applies to such an action, and to limit its operation to sales made upon voidable orders only is to make an unauthorized and unwarranted interpolation.

It is to be conceded that whatever is placed of record must be capable of description as an administrator's deed or the statute will not be set in motion. It must also be tested by what appears upon its face. But if it can be said from what appears there that it fairly complies with the law it will be sufficient, although informal and irregular. Such deed must also be made pursuant to an order or judgment directing a sale. The court must have acted, and what it did must be of a character to make it identifiable as an order or judgment. A forged order would not be an order of a court any more than a forged deed would be a deed made pursuant to an order or judgment. If upon appeal an order of sale should be set aside, or if the enforcement of the order should be permanently enjoined, no deed could be made pursuant to it. Other circumstances might be suggested under which something in the form of an order or a deed would not be such. But after an administrator's deed made pursuant to an order or judgment of the proper court directing a sale has been placed of record heirs must sue to recover the property within five years, or be deemed to have admitted the validity of the sale and conveyance, whether they had notice of the proceedings or not. After the expiration of that time the purchaser cannot be called upon to vindicate their legality.

Statutes of this character are common, and usually receive the interpretation here indicated. In Mississippi a statute was passed barring actions brought on account of the invalidity of executors', administrators' and guardians' sales made under decrees of probate courts prior to October 1, 1871, and barring actions directed against such sales made under decrees of the

chancery court, to which probate jurisdiction was transferred, subsequently to that time.  The period within which such actions might be brought was limited to one year, but the protection of the act was confined to sales made in good faith upon which the purchase-money had been paid.  In construing this statute, in a case in which the invalidity complained of was in part want of notice to heirs, the court said:

"The manifest purpose of the statute was remedial. It is framed on the idea of giving repose and confidence to titles derived from probate sales made prior to the 1st of October, 1871, and to the same kind of sales made by executors, administrators and guardians subsequently by the chancery court.  The evil was that, because of the negligence and carelessness which experience had shown marked the history of the probate court, it was almost the exception to conform to the statutory directions, in the exercise of that special and limited jurisdiction for the sale of the real estate of decedents by their personal representatives, and of minors by their guardians; and under the decisions applicable to that sort of jurisdiction the titles of the purchasers were invalid.  Persons who had in good faith paid their money, years afterward lost their lands, and the heirs recovered the property oftentimes disencumbered of debts.

"The statute proposed to cure the evil by applying a short limitation where the sale was free from fraud, and the purchaser in good faith had paid his money; so that if the purchaser lost his land, he might indemnify himself in some mode or other.  .  .  .  Mrs. Faler, having been in possession for more than a year after the 1st of October, 1871, before suit was brought, can claim the benefit of the bar, unless the further position taken by counsel be true, that the statute does not apply if the sale be void for some defect which makes the decree a nullity, such as want of notice to the heirs.  It is said  the invalidity meant is some irregularity occurring after decree.  If the court had jurisdiction of the subject-matter and parties, the decree of sale is valid, and the sale itself would stand on the same footing as other judicial sales, and could not be impeached collaterally for mere irregularities.

"The statute is remedial and curative, has its origin

in that policy, and, if the words will admit of it, should receive that construction which will accomplish the end aimed at. It was meant to cure all defects in the sale, no matter from what cause, whether before or after decree, unless the heir brought his action within the time to contest and show its invalidity. The vendee enters claiming under the judicial proceedings and the administrator's deed. Though the sale be void, he is in under color and claim of title, and the statute does no more than to protect and perfect his imperfect right, after the expiration of a year from the time the right to bring suit arose." (*Morgan v. Hazlehurst Lodge,* 53 Miss. 665, 679, 682.)

In a subsequent decision the court commented upon the same statute as follows:

"It originated in the known fact that a very large proportion of the sales of property by virtue of the orders of probate courts was void, from various causes; and, as insecurity of titles to property is a great public evil, it was determined to provide a short statute of limitations applicable to all cases falling within the existing evil. . . . This section applies to all sales of the class mentioned which are invalid, no matter on what ground. Every sale which is included in the evil intended to be remedied is embraced. . . . The section does not involve the idea of a legally appointed and qualified administrator, executor or guardian who made a sale by virtue of the order of any probate court. The language is, '*any* administrator, executor or guardian by virtue of the order of any probate court.' It is not *any legally appointed and qualified* administrator, executor or guardian; and to hold that the statute applies only to sales by a legally appointed and duly qualified one is to interpolate the section, and to circumscribe its beneficial operation within narrower limits than the evil to be remedied, and than, it is to be justly assumed, the legislature intended. . . . The statute was passed with direct reference to the known condition of things, and to meet that, and not upon the view that proceedings in the probate courts were what they should have been under the constitution and laws." (*Hall v. Wells,* 54 Miss. 289, 297, 299.)

In the case of *Vancleave v. Milliken,* 13 Ind. 105, an

O'Keefe v. Behrens.

administrator's deed was attacked as void for want of notice to the heirs in an action to recover possession of the land. The court held a statute of limitations identical in effect with section 16 of the code (Gen. Stat. 1901, § 4444) of this state to be applicable, and adopted the reasoning employed in *Pillow v. Roberts*, 54 U. S. 472, 14 L. Ed. 228, saying:

"It is held by the court, in that case, that such statutes are statutes of repose, and that it is not necessary that he who claims their protection should have a good title; that such statutes would be of little use if they protect those only who could otherwise show an indefeasible title to the land; and, hence, color of title, even under a void and worthless deed, has always been received as evidence that the person in possession claims for himself, and, of course, adversely to all the world." (Page 107.)

In the case of *White et al. v. Clawson et al.*, 79 Ind. 188, the statute was applied to a void guardian's sale. The court said:

"Nor did the averment that the guardian's sale was void add anything to it. The statute upon which the defense was based is a statute of repose, and it is not necessary that a person shall have a good title to invoke its aid. Such persons do not need it. It is only those who cannot assert a good title. It protects those who hold under void sales." (Page 192.)

In the case of *Harlan v. Peck*, 33 Cal. 515, 91 Am. Dec. 653, the court had under consideration a three-year statute of limitations similar to that of this state. The opinion reads:

"There is nothing in the policy or language of the statute which excludes void sales from its operation. The policy of the statute is to quiet titles to real estate sold by order of the probate courts, and in view of that policy, merely, there can be no distinction between sales which may be termed void for the want of jurisdiction, and those which are voidable only. . . . We think the statute applies to all sales, void as well as voidable, made by probate courts, of real estate belonging to persons who have died since the passage of the probate act." (Pages 520, 521.)

The syllabus of the case of *Ganahl v. Soher*, 68 Cal. 95, 8 Pac. 650, reads:

"An action by the heirs of a deceased intestate to recover real property sold by a person acting as his administrator under the provisions of the probate act, and by order of the probate court, must be brought within three years next after the sale, or within three years after they attain majority, notwithstanding such sale was void because of the invalidity of the appointment of the acting administrator."

In the case of *Scott v. Hickox et al.*, 7 Ohio St. 88, persons who had not been made parties to a foreclosure suit undertook to recover the land in controversy in the face of a seven-year statute protecting purchasers at judicial sales. The court said:

"On the face of the section there is no absurdity, which might imperiously require a construction giving it a meaning different from its literal import; and the only argument by which we are urged to do so is derived from supposed cases of hardship which might arise under its operation if literally construed. That such cases of hardship might possibly occur is readily admitted. But the same may be said of the operation of all statutes of limitation. It is in the nature of all such statutes that it should be so. And they all proceed upon the policy of compelling either a vigilant and timely prosecution of the rights of parties, or the sacrifice of those rights to the public repose. Where statutes of limitation are, on their face, free from ambiguity, it is now the established policy of courts to avoid giving them any other construction than that which their words demand. (Angell on Limitations, 24.)

"And, on the whole, looking at the examples of like legislation to be found in other states, we are not prepared to say but that the general assembly, in the enactment of this statute, appreciating the advantages of public repose, and the evils of insecurity of land titles, may have intended to express all it has expressed, notwithstanding the cases of individual hardship to which its operation might possibly give rise.

"But, it is said, neither the plaintiff nor those under whom he claims have had their day in court, and therefore he ought not to be barred. This would be

a valid objection if the defendant were setting up the decree as an estoppel; but as against a plea of this statute it cannot avail, for the objection would lie equally against all pleas of any statute of limitation, and effectually prevent its operation." (Page 94.)

(See, also, *Holmes v. Beal,* 63 Mass. 223; *Kammerer v. Morlock,* 125 Mich. 320, 84 N. W. 319; *Cheesebrough v. Parker,* 25 Kan. 566.)

Although length of years may not give jurisdiction or, in a certain sense, make good that which is void (*Foreman v. Carter,* 9 Kan. 674, 678), an act of the legislature may, out of consideration for the public welfare, oblige interested persons to assert their rights within a limited time or forever hold their peace. The power of the legislature to enact a statute of this character is included in the general power to fix periods within which actions may be brought. On the score of reasonableness it may be observed that the practical protection to heirs afforded by a probate court order and a public record of the administrator's deed for five years is much greater than that secured by a notice published for a brief period in a newspaper, which step at the outset would have conferred jurisdiction. In many states proceedings for the sale of a decedent's lands to pay debts are treated as proceedings *in rem,* and notice to heirs may be dispensed with altogether. Generally heirs will know something of steps taken to settle the estate of their ancestor, and it cannot be unjust to require them to press objections at an early date or forfeit the right to do so. From the foregoing it follows that the court erred in admitting evidence of the invalidity of the defendant's deed.

Immediately upon the death of the ancestor title to his real estate descends to his heirs, subject only to appropriation for the payment of debts. (*Black v. Elliott,* 63 Kan. 211, 215, 65 Pac. 215, 88 Am. St. Rep. 239.) They are entitled to possession, and may require partition at once. Letters of administration may not be taken out for a long period of time, or not

at all. Much time may elapse before claims are presented or established, or before it may be known that the personal assets are insufficient. During such periods they are entitled to the separate enjoyment of their several portions of the estate, and may proceed to enforce their rights unless some special state of facts should make it unjust or improper that they should do so. General creditors are not proper parties to partition proceedings at all, and the administrator should not be joined unless under exceptional circumstances. (*Sheehan v. Allen*, 67 Kan. 712, 74 Pac. 245.) If after partition the administrator should require the land or some portion of it for the payment of debts, it may then be sold. (*Sample v. Sample*, 34 Kan. 73, 77, 8 Pac. 248.) Therefore it was not necessary that the heirs as a condition of recovery should either plead or prove that the decedent's estate had been settled, or that no debts existed for the payment of which the land might afterward be appropriated.

The allegation of the defendants' answer that they are the owners in fee of the premises in controversy "under a valid and legal deed of conveyance duly executed" describes no written instrument whose execution is admitted unless denied under oath; and a failure to deny the execution of an administrator's deed under oath does not admit the validity of the court proceedings upon which it is based. It has only the *prima facie* effect which the statute gives.

For the error in allowing the administrator's deed to be impeached the judgment of the district court is reversed, and the cause remanded.

GREENE, MASON, SMITH, PORTER, GRAVES, JJ., concurring.

JOHNSTON, C. J. (dissenting) : Although not free from doubt, I incline to the view that the statute of limitations does not apply to a void sale. To give the probate court jurisdiction to order a sale of land by

O'Keefe v. Behrens.

an administrator, notice to the heirs is essential. (*Mickel v. Hicks*, 19 Kan. 578, 21 Am. Rep. 161; *Rogers v. Clemmans*, 26 Kan. 522; *C. K. & N. Rly. Co. v. Cook*, 43 Kan. 83, 22 Pac. 988.) A sale without jurisdiction is a nullity, and the purchaser acquires no title. (*Coulson v. Wing*, 42 Kan. 507, 22 Pac. 570, 16 Am. St. Rep. 503.) An absolutely void sale and deed never start the statute of limitations to running. (*Taylor v. Miles*, 5 Kan. 498, 7 Am. Rep. 558; *Carithers v. Weaver*, 7 Kan. 110, 123; *Hall's Heirs v. Dodge*, 18 Kan. 277; *Duffitt v. Tuhan*, 28 Kan. 292; *Delashmutt v. Parrent*, 39 Kan. 548, 18 Pac. 712.)

The statute of limitations invoked applies to executors', administrators' or guardians' sales upon an order or judgment directing such sales. It can have no application if there is no order or judgment directing such sales. If there is an entire absence of jurisdiction in the court to order a sale then there is no sale, and hence no room for the application of the statute. If the sale and deed are absolute nullities it is difficult to understand how they can be cured by a statute of limitations—how lapse of time alone can make something out of nothing. It may be that such a deed, in connection with adverse possession, would start the statute of limitations which would ultimately bar the heirs, as some of the cited cases hold; but a sale which is void for want of jurisdiction, and which conveys no title to a purchaser, does not set the statute in motion.

The sale in this instance was no better than if the land of third persons had been embraced in the order of sale and deed. The language of the opinion in *Young v. Walker*, 26 Kan. 242, sanctions the view that the statute of limitations applies to a void deed, but in that case there was a notice, and therefore no want of jurisdiction. The proceedings were irregular, and the deed voidable, but it could not be regarded as a nullity. It is true that some plausible arguments have been advanced to sustain the position of the court, and

31—73 KAN.

quite a number of authorities have been cited which tend to support that view. Several of those cases, it will be observed, were treating of voidable, rather than void, sales; and several of the decisions were rested on the fact that there was adverse possession in connection with the irregular proceedings. The supreme court of California, for instance, applies the statute of limitations to void probate sales, and yet, in *Gage v. Downey,* 94 Cal. 241, 29 Pac. 635, it was held that if no possession is taken by the purchaser at a void probate sale the statute of limitations will not affect the question of title or confer title upon the purchaser, but that the title will still remain in the heirs and their grantees.

As tending to sustain the view that the statute of limitations does not apply to probate sales which are mere nullities, I cite *Howbert v. Heyle,* 47 Kan. 58, 27 Pac. 116; *Pursley v. Hayes,* 22 Iowa, 11, 26, 92 Am. Dec. 350; *Good v. Norley,* 28 Iowa, 188; *Boyles v. Boyles,* 37 Iowa, 592; *Chadbourne v. Rackliff,* 30 Me. 350.