James v. Logan.

---

V. W. JAMES, *as Administrator, etc., Appellant,* v.
EFFIE LOGAN, *Appellee.*

No. 16,476.

SYLLABUS BY THE COURT.

1. AFFIDAVITS—*Authentication—Jurat.* The statutory certificate for the authentication of depositions can not be used on the ordinary affidavit, and the code of civil procedure prescribes no form of jurat to be appended to affidavits.

2. ———— *Extrinsic Evidence that Oath Was Administered.* If a declaration has in fact been made under oath it is an affidavit, although no jurat be attached. The jurat is merely evidence that an oath was duly administered, and in the absence of a jurat the fact may be proved by evidence *aliunde.*

3. ———— *Attachment—Jurat.* The evidence in this case examined and held sufficient to show that a written declaration used as an attachment affidavit was in fact made under oath, although no jurat appears.

4. JUDGMENTS—*Validity—Collateral Attack.* When a paper pur-

James v. Logan.

porting to be an affidavit has been approved by the court as such, and has been made the basis of judicial action as if it were duly authenticated, the omission of a jurat is a mere irregularity which will not expose the proceeding to collateral attack.

5. LIMITATION OF ACTIONS—*Recovery of Real Property Sold on Execution.* The five-year statute of limitations against actions for the recovery of real property sold on execution brought by the execution debtor, his heirs or any person claiming under him, by title acquired after the date of the judgment, applies to all sales, void and voidable alike.

Appeal from Shawnee district court; ALSTON W. DANA, judge. Opinion filed April 9, 1910. Affirmed.

*W. A. S. Bird,* and *Thomas J. White,* for the appellant.

*James A. Troutman, Robert Stone,* and *George T. McDermott,* for the appellee.

The opinion of the court was delivered by

BURCH, J.: Sarah A. James undertook to recover the land in controversy from the defendant, Effie Logan, by an action of ejectment. While the action was pending the plaintiff died, and a revivor was had in the name of her administrator. Judgment was rendered for the defendant, and the administrator appeals.

The property formerly belonged to the Enterprise Land, Loan and Investment Company, a foreign corporation. W. E. Fagan sued the investment company, attached the land, and made service by publication. The action proceeded to judgment and the land was ordered sold for its satisfaction. Fagan purchased at a sheriff's sale made under the order, the sale was confirmed, and a sheriff's deed was issued to him which was duly recorded. Afterward Fagan conveyed to the defendant. After the sheriff's deed was recorded the investment company conveyed to Sarah A. James. Her suit was commenced more than five years after the recording of the sheriff's deed. It is said the proceedings

James v. Logan.

in the attachment case are void for want of jurisdiction, and they must be so or the sheriff's deed is beyond collateral attack. The only defect pointed out is that Fagan's affidavit for attachment bears no jurat. Therefore, it is claimed, the paper was not sworn to and there was no affidavit.

The provision of the code of civil procedure that affidavits are to be authenticated in the same way as depositions, except as provided for the verification of pleadings (Civ. Code, § 345; Gen. Stat. 1901, § 4793; Code 1909, § 336), means, of course, so far as the requirements concerning depositions are applicable. The certificate of the officer need not show that an affidavit was taken at the time and place specified in a notice, as in the case of a deposition (Civ. Code, § 359; Gen. Stat. 1901, § 4807; Code 1909, § 357), because an affidavit is a written declaration made under oath without notice. (Civ. Code, § 341; Gen. Stat. 1901, § 4789; Code 1909, § 347.) There is no requirement that an affidavit shall be written in the presence of the officer and shall be written by the officer, the witness or a disinterested person, as in the case of a deposition (Civ. Code, § 354; Gen. Stat. 1901, § 4802; Code 1909, § 352), and the certificate to an affidavit need not show these facts. In the case of a deposition the witness is first sworn, and after the deposition is written it is subscribed. In the case of an affidavit the oath is administered after the declaration is formulated. The result is that the certificate prescribed for a deposition can not be used on the ordinary affidavit, and no other form is ordained. The remaining section of the statute relating to the authentication of depositions (Civ. Code, § 358; Gen. Stat. 1901, § 4806, Code 1909, § 356) simply provides that the signature and seal of the officer, if he have a seal, are sufficient without additional proof of official character, that signature alone is sufficient if the affidavit be taken in this state and the officer have no seal, but that further proof, the nature of which is indicated, is required if the affidavit be taken in another state and the

officer have no seal. This section, of course, applies to affidavits, but since no special form of jurat is required the statutory definition of an affidavit is satisfied whenever a written declaration is made under oath.

In the case of *Cunningham v. Barr,* 45 Kan. 158, a mechanic's lien statement was held to be properly verified to which the following jurat was appended: "Subscribed and sworn to before me, this September 12, 1887. (Signed) O. A. Harding, Clerk District Court. [Seal.]" (Page 161.) In the case of *Simon v. Stetter,* 25 Kan. 155, a jurat in the same form, but designating the officer simply as "clerk," and bearing no seal at all, was held to be sufficient to authenticate an attachment affidavit, even against a direct attack by motion to discharge the attachment. In the case of *Buckland v. Goit,* 23 Kan. 327, it was held that the entire omission of a jurat did not render an affidavit void. The court said the jurat might be supplied afterward. In the case of *City of Kingman v. Berry,* 40 Kan. 625, it was said:

"The important consideration is whether the complaint was actually sworn to before a proper officer. The mere fact that an officer fails to couple his official title with his name in signing a jurat, or to attach a jurat at all, to the affidavit at the time the oath is administered will not invalidate it." (Page 628.)

These rulings necessarily imply that the certificate of the officer under his signature and seal is merely evidence that the affidavit was duly sworn to, and in *Foreman v. Carter,* 9 Kan. 674, 682, it was said that a challenge of a jurat is not an attack upon what was done but an objection that the proof of what was done is defective. If, therefore, the jurat be missing from an affidavit, if there be no proof on the face of the paper that an oath was duly administered the fact may be established by evidence *aliunde.* This rule is clearly just, because after a party has in fact made or procured to be made the necessary declaration under oath he ought not to be prejudiced and the proceeding ought not to fail in consequence of the officer's neglect to affix a jurat.

James v. Logan.

In view of the foregoing the question here is, Was Fagan's written declaration made under oath? This question is to be answered from the evidence like any other question of fact. What does the record show?

The affidavit was signed by Fagan, and purports to be an affidavit. It opens with the following statement: "W. E. Fagan, being duly sworn, says:" The document is indorsed on the back: "Attachment affidavit, filed November 7, 1899, A. M. Callaham, Clerk District Court." The appearance docket, which the law requires the clerk to keep, contains the following entry: "November 7, 1899.—Affidavit for attachment sworn to and filed—.35." The clerk's statutory fees for administering an oath were twenty-five cents, and for filing and docketing a paper were ten cents. The clerk issued a writ of attachment, under his signature and the seal of the court, which contains the following recital: "To the sheriff of said county, greeting: Whereas, W. E. Fagan, plaintiff, has this day, on the necessary affidavit being filed," etc. From all this it clearly appears that an affidavit was in fact sworn to according to law.

If the evidence that an oath was duly administered were less conclusive the plaintiff is met by another principle, founded upon justice and wise policy. The journal entry of judgment contains the following recitals:

"And the court further finds that an attachment has been duly issued in said action upon the affidavit of plaintiff and levied upon the following-described real estate. . . . And the court further finds that all the allegations in said affidavit for attachment are true; that the defendant is a nonresident of the state of Kansas, and that said attachment ought to be sustained.

"It is therefore considered by the court that the plaintiff have judgment *in rem* against defendant for said sum of two hundred and thirty-eight and 60/100 dollars ($238.60), and the costs of this action, taxed in the sum of $——; that said attachment be sustained; that the real estate levied upon under and by virtue of the said order of attachment . . . be sold."

Collateral attacks upon judicial proceedings, made

19—82 kan.

long after they have been closed, are not favored; and whenever a paper purporting to be an affidavit has been approved as such by the court, and has been made the basis of judicial action as if it were duly authenticated, the omission of the jurat is a mere irregularity which will not vitiate the proceedings.

Numerous cases sustaining the foregoing views are collated in *Turner v. St. John,* 8 N. D. 245.    (See,.also, 2 Enc. L. & P. 671; 2 Cyc. 26.)

The judgment of the district court must be sustained for another all-sufficient reason.  The defendant pleaded the five-year statute of limitations, which reads as follows:

"Actions for the recovery of real property, or for the determination of any adverse claim or interest therein, can only be brought within the periods hereinafter prescribed, after the cause of action shall have accrued, and at no time thereafter:

"First.  An action for the recovery of real property sold on execution, brought by the execution debtor, his heirs, or any person claiming under him, by title acquired after the date of the judgment, within five years after the date of the recording of the deed made in pursuance of the sale.

"Second.  An action for the recovery of real property sold by executors, administrators or guardians, upon an order or judgment of a court directing such sale, brought by the heirs or devisees of the deceased person, or the ward or his guardian, or any person claiming under any or either of them, by title acquired after the date of the judgment or order, within five years after the date of the recording of the deed made in pursuance of the sale."    (Code 1909, § 15.)

The property was sold by order of the court, under a special execution conforming to the judgment.  The plaintiff claims under the execution debtor, by title acquired after the date of the judgment.  The action was not commenced within five years after the date of the recording of the sheriff's deed.  Therefore every condition of the statute is satisfied.  The plaintiff argues that the statute does not apply to deeds executed

pursuant to void judgments.  As shown in the case of *O'Keefe v. Behrens,* 73 Kan. 469, wherein the second subdivision of the statute was considered, it has particular reference to such deeds, because if the proceedings were merely irregular and consequently not void they could not be attacked collaterally at all.

The judgment of the district court is affirmed.