ELLA McMAHAN, *Appellee,* v. S. S. NOBLE *et al., Appellants.*

No. 16,821.

SYLLABUS BY THE COURT.

1. PARTIES — *Quieting Title.* An action to quiet title to real estate may be maintained in the name of one who holds merely a naked legal title, without beneficial interest.

2. JUDGMENTS—*Publication Service—Affidavit—Oath Not Administered.* A judgment based upon service by publication can not be held to be absolutely void upon a showing that the affidavit for publication, although good upon its face, and bearing the signature of the purported affiant and the jurat of a notary public, was not in fact sworn to.

3. ———— *Vacation—Rights of One Not an Innocent Purchaser.* Where the buyer of real estate causes the deed to be made to a person having no beneficial interest, who conveys to him after procuring a decree quieting title, he is bound by an order vacating the decree, although made without notice to him, and can claim no rights as an intervening innocent purchaser.

Appeal from Sedgwick district court. Opinion filed January 7, 1911. Affirmed.

*R. L. Holmes,* and *Charles G. Yankey,* for the appellants.

*J. A. Brubacher,* and *J. A. Conley,* for the appellee.

The opinion of the court was delivered by

MASON, J.: Ella McMahan recovered a judgment in ejectment against S. S. Noble and L. G. Noble, who appeal.

The plaintiff claimed under a tax deed, good upon its face and over ten years old. The defendants maintain that the action was barred by the two-year statute of limitation. The trial court must have found·that there had not been an' adverse occupancy for that period, and we can not say that the evidence on this subject, which was somewhat vague and conflicting, compelled a contrary conclusion.

Apart from the statute of limitation, the rights of the defendants rest wholly upon a decree in favor of their grantor barring the interest of the plaintiff. The plaintiff claims that the decree was void from the beginning, and has procured an order setting it aside. The defendants deny that it was void, and maintain that they are not affected by its vacation after their rights had attached.

On March 15, 1906, Miss S. E. Knight, who then owned the property, save for the plaintiff's tax title, executed a deed to Miss L. L. McGuire. An action to quiet title was begun April 6, 1906, in the name of L. L. McGuire, service being made upon Ella McMahan, the present plaintiff, by publication. Judgment by default (the decree in question) was rendered May 31, 1906. L. L. McGuire deeded to L. G. Noble, June 1, 1906. The judgment was vacated, apparently without notice to the Nobles, January 9, 1908.

Miss McGuire testified that she never had any interest whatever in the property, but that she consented to the use of her name in the litigation, at the solicitation of a neighbor, a Mr. Waterbury; that she signed the affidavit for publication and acknowledged her signature to a notary public over the telephone, but did not in fact swear to it. This testimony does not warrant holding the judgment taken in her name a nullity. Inasmuch as she held the formal legal title,·she was competent to maintain the action although she had no beneficial interest. (30 Cyc. 77-82.) The affidavit was good upon its face, and was genuine in the sense that

the purported affiant really signed it and the notary attached his jurat. Its language showed that it was intended to be sworn to and to be used as a sworn statement. It was not wholly without evidential force. It served its purpose of advising the court whether conditions existed which authorized a service by publication; it was found sufficient, and acted upon. The fact that no oath was actually administered does not render the judgment absolutely void. (See, as bearing upon somewhat similar questions: *James v. Logan,* 82 Kan. 285; *Davis v. Land Co.,* 76 Kan. 27; *Pennoyer v. Neff,* 95 U. S. 714.)

But if the judgment itself was not a nullity, neither was the order vacating it. The order was perhaps erroneous, since it was apparently based upon the theory that the judgment was void. But as between the parties there were abundant grounds for setting aside the judgment, either for irregularity because the allegations of the affidavit for publication were untrue or under the statute authorizing the reopening of a judgment founded only on constructive service. It is said that generally the rights of third persons who have acted in reliance upon a judgment are not affected by its subsequent vacation, unless it was void from the beginning. (3 Cyc. 462; 23 Cyc. 973.) This is true as to purchasers at a sale under the judgment, and perhaps holds good wherever a title purports to be created or transferred by the judgment. But where the judgment merely declares a status, the effect of its vacation upon intervening rights is disputed, and depends upon the extent to which a stranger is chargeable with notice that it is not absolutely final, but is still open to attack. (See note, 27 L. R. A., n. s., 735.)

Assuming that in the present instance the Nobles were not affected by the setting aside of the decree, provided they purchased in good faith in reliance upon it, the trial court must be presumed to have found that they were not in fact innocent purchasers, and the evi-

dence warrants such finding. Miss McGuire was obviously only a nominal plaintiff. She merely permitted her name to be used by someone who had a beneficial interest in the property. When the action to quiet title was brought in her name S. S. Noble had already contracted with Miss Knight for the purchase of the property and made a part payment, as the result of negotiations begun, according to some of the evidence, before the deed to Miss McGuire was executed. Clearly Miss McGuire was acting in behalf either of Miss Knight, the seller, or of the Nobles, the buyers. She herself knew only Mr. Waterbury in the transaction, and the record fails to disclose for which party he was acting. The business was conducted for Miss Knight by her attorney, R. M. Piatt. He testified that he had nothing to do with the action to quiet title; that in February or March he told S. S. Noble of the outstanding tax deed, and told an occupant of the property that thereafter he would have to settle with Noble for the rent. To the question, "You contemplated a suit to quiet title at that time, did n't you?" he answered, "I think he [Noble] did." S. S. Noble testified that he had not had "personal knowledge" of the quieting title suit. The attorney who examined the abstract said that Noble mentioned, when he employed him for the purpose, that "it was a title that would go through a quieting suit." Noble paid $50 at the time he contracted to buy the property. Miss Knight's recollection was that she received some small amount of money at the time she made the deed to Miss McGuire, and it may be reasonably inferred that this was the part payment made by Noble. We think this evidence justified a finding that the Nobles bought the property with knowledge of the outstanding tax title and arranged to have the deed made to Miss McGuire, and to have her convey to them after the title should have been quieted in her name. In that case Miss McGuire was acting for them, they were the persons beneficially interested in the suit to

quiet title—were substantially the plaintiffs therein—and the order setting aside the judgment rendered it unavailable to them as a defense in this action.

The judgment is affirmed.