No. 36,186

JUSTUS S. ERSKINE, *Appellant,* v. EMMA DYKES et al., *Appellees.*

(150 P. 2d 322)

Opinion filed July 8, 1944.

*John S. Elting,* of Dighton, argued the cause, and *Elfrieda Kenyon,* of Jetmore, was on the briefs for the appellant.

*O. A. Wilson,* of Jetmore, argued the cause for the appellees.

The opinion of the court was delivered by

THIELE, J.: This was an action to quiet title to real estate. Plaintiff appeals from a judgment denying the relief sought.

In his petition plaintiff alleged that as executor of the Hattie R. Erskine estate he recovered a judgment against the present defendants, foreclosing a mortgage on the real estate involved, and at a sheriff's sale held in June, 1936, he purchased the mortgaged property; that a sheriff's deed, dated January 11, 1938, was delivered to him and recorded the same day, and about that date he entered into possession of the real estate by virtue of the sheriff's deed "and has remained in the actual, common, notorious, open and peaceable possession of said real estate since said date." We here note that there is no allegation plaintiff held adversely to the defendants. He further alleged that the money obtained from the sheriff's sale was used to pay an indebtedness of the above-named defendants and others, evidenced by a promissory note canceled in the judgment in the foreclosure action; that the defendants claim some interest in the involved real estate under the pretense that no summons was served upon them in the foreclosure proceedings, but whatever claim or interest they have is inferior and subject to his title. He prayed for judgment quieting his title.

The answer of defendants contained a general denial, alleged that defendant K. H. Dykes had no interest other than as husband of defendant Emma Dykes, and denied that plaintiff's title was superior to that of Emma Dykes. It was alleged that the sheriff's deed was void and of no effect and inferior to the right of Emma Dykes for the reason that the judgment on which it was based was void as to defendants, in that no service of summons was had on them; that Emma Dykes was the owner of an undivided one-sixth interest in the involved real estate and the rights of plaintiff were inferior to the ownership of defendant Emma Dykes. She prayed only for her costs.

Plaintiff filed a reply which for our purposes alleged that prior to the foreclosure proceedings Mrs. Dykes was notified that interest on the note and taxes on the mortgaged real estate were in arrears and that unless paid "a foreclosure action would be inevitable."

From the journal entry of judgment it appears that when the case came on for trial it was submitted on a stipulation of facts and on briefs, and that later defendant Emma Dykes filed her motion for permission to introduce additional evidence, which motion was sustained over the objections of plaintiff, and such further evidence, consisting of some correspondence which will be mentioned, was received.

The facts agreed upon may be summarized. Prior to February 18, 1926, Anna R. Walter, Emma Dykes, Carrie Kinsley and Anna Justus were tenants-in-common of the involved real estate, Emma Dykes owning an undivided one-sixth interest. On the date above they mortgaged the real estate to secure a note for $800. One Hattie R. Erskine became the owner of the note and on October 8, 1935, commenced an action in foreclosure. No service, personal or otherwise, was obtained on Emma Dykes or her husband, who were at all times residents of Comanche county, Kansas. A judgment in foreclosure was rendered May 16, 1936, and the land sold on June 22, 1936, a certificate of purchase being issued to Justus S. Erskine as executor of the estate of Hattie R. Erskine, deceased, in whose name the action had been revived. On January 11, 1938, the certificate of purchase which had been assigned to Justus S. Erskine as an individual, was surrendered by him and he received a sheriff's deed which was duly recorded. From the time foreclosure was begun until time of trial the land had been farmed by tenants and since the issuance of the sheriff's deed the rentals were paid to Justus S. Erskine, who paid the taxes and exercised full control of the land. It was further stipulated that the matter be determined by the court upon the statement of facts, and that briefs be filed within specified times. As has been stated, on defendants' motion they were permitted to offer certain correspondence in evidence. Under date of August 28, 1942, The Putnam-Schutte Farm Servicing Co., representing itself as agent for Erskine, wrote Mrs. Dykes stating the summons served on Mr. and Mrs. Dykes could not be found, enclosed a quitclaim deed and check for $5, and asking that the deed be executed and returned. Under date not disclosed the same company wrote Mrs. Dykes another letter asking her to give attention to the matter and under date of September 11, 1942, she returned the deed unsigned and the check. Thereafter one of plaintiff's attorneys wrote Mrs. Dykes that there appeared to be an error in the service of summons and "I am inclined to think that your interest in said land could probably be set aside in the district court, and if not, the same would be subject to partition by Mr. Erskine as against your interest" and called attention to results that would follow, Mrs. Dykes' probable expense, that counsel intended to see Erskine through so far as legal services were concerned, and that he intended a "show-down on this matter at the earliest possible moment, unless you agree to settle this matter by way of quitclaim

deed." A later letter by another attorney for plaintiff need not be noticed.

After consideration, the trial court found that the plaintiff was not entitled to judgment, and it rendered judgment for defendants for costs. The plaintiff filed no motion for a new trial, but appealed to this court, his notice stating he appealed from the ruling of the trial court permitting the defendants to open the case and introduce further evidence, and from the judgment in favor of the defendants on the issues, and his specifications cover those matters.

We take up first the claimed error in opening the case and permitting the defendants to offer further testimony. It may be observed first that this was not a submitted controversy or agreed case under the provisions of G. S. 1935, 60-2938, where the only facts to be considered are those agreed, but was a trial during the course of which certain facts were stipulated, the stipulation being silent as to the right of either party to offer further proof or that no further proof should be received. Under the circumstances it would seem that whether defendants should be permitted to have the case opened and to introduce further proof, was discretionary with the trial court. It further appears, however, that if there was any error, it was a trial error and that it could only be reviewed on appeal where the complaining party had filed a motion for a new trial which directed the trial court's attention to the alleged error. See *Willt v. Feikert,* 139 Kan. 22, 29 P. 2d 1078; *Brown v. Brown,* 146 Kan. 7, 68 P. 2d 1105; and *Morgan v. Morgan,* 146 Kan. 880, 73 P. 2d 1105; and cases cited in each. There having been no motion for a new trial, error may not be predicated on alleged erroneous admission of evidence.

Appellant next contends that he has been in possession of the real estate for over five years prior to the commencement of this action; that appellees as execution debtors are barred by G. S. 1935, 60-304, *First,* from bringing any action to recover possession of the real estate which was sold to him on execution; that his possession of the real estate has been adverse to appellees; that he has paramount title, and is entitled to have his title quieted as against the appellees.

Under the stipulated facts, no summons was ever served upon the appellees. Appellant contends, however, that the suit to foreclose the mortgage, which resulted in the sheriff's deed under which he claims title, was properly brought and that as to the parties other

than the appellees a valid and binding judgment was rendered, and that, although no service of summons was had upon the appellees, nevertheless they occupy the position of execution debtors, and not having brought any action for recovery of possession within five years from the date of the sheriff's deed, recorded on January 11, 1938, they are barred under G. S. 1935, 60-304, which for present purposes reads:

"Actions for the recovery of real property, or for the determination of any adverse claim or interest therein, can only be brought within the periods hereinafter prescribed, after the cause of action shall have accrued, and at no time thereafter:

"*First*. An action for the recovery of real property sold on execution, brought by the execution debtor, his heirs, or any person claiming under him, by title acquired, after the date of the judgment, within five years after the date of the recording of the deed made in pursuance of the sale."

In support appellant relies upon *James v. Logan*, 82 Kan. 285, 108 Pac. 81, 136 Am. 'St. Rep. 105, in which it was held:

"The five-year statute of limitations against actions for the recovery of real property sold on execution brought by the execution debtor, his heirs or any person claiming under him, by title acquired after the date of the judgment, applies to all sales, void and voidable alike." (Syl. ¶ 5.)

In that case the action was by one claiming to be the owner of real estate, to recover possession from one holding under a sheriff's deed which had been of record over five years. The real estate had been attached originally and plaintiff claimed the attachment was void because the affidavit for attachment bore no jurat. This court held that such omission was a mere irregularity which would not expose the proceedings to collateral attack. That holding really decided the case, but this court stated further that the judgment must be affirmed for the all-sufficient reason it was barred by the above statute. In that opinion and in support of its conclusion, reference was made to *O'Keefe v. Behrens*, 73 Kan. 469, 85 Pac. 555, 8 L. R. A., n. s., 354, wherein this court held that subparagraph *second* of the above cited statute, referring to recovery of real estate sold by an administrator, and similar to the statute here relied on, required that such an action be brought by the heirs within five years after the date of the recording of an administrator's deed and applied to sales which are void for want of notice to the heirs of the proceedings upon which the deed was based. The subsection of the statute in *O'Keefe v. Behrens* sets up a bar as against "the heirs or devisees of the deceased person." In the *James v. Logan* case the

bar was against "the execution debtor, his heirs, or any person claiming under him."

Appellees direct our attention to *Richards v. Thompson,* 43 Kan. 209, 23 Pac. 106, and *Phillips v. Parker,* 148 Kan. 474, 83 P. 2d 709, as supporting their contention that the interest of a mortgagor is not affected by a decree or judgment in a foreclosure action to which he has not been made a party. Without reviewing them, in each of the above cases there was no proper party defendant, and the attempted foreclosure proceedings were held void in all their parts. That is not the situation here, for the action was properly brought against the mortgagors and except as to the interest of the appellees there is no claim of irregularity.

Although the general rule is that a judgment in a foreclosure action is conclusive on all persons properly made parties to the action and that those who are not parties are not concluded (42 C. J. 164) yet there can be no doubt of the power of the legislature to provide statutes of limitations in which, under varying states of fact, actions for recovery of possession must be brought (37 C. J. 687, 34 Am. Jr. 25). While such statutes are entitled to a liberal interpretation in order that their purposes may be served, where by their terms they designate particular subjects or classes of persons, ordinarily application will be restricted to such subjects or classes of persons unless there is a clear manifestation of a contrary intent. (34 Am. Jr. 42.) In the present case the bar is against "the execution debtor, his heirs, or any person claiming under him." The appellees were never served with summons and actually were never made parties to the action. They can be said to be "execution debtors" only by saying the inclusion of their names in the title of and in a judgment rendered in an action which they were never called upon to defend, made them so.

A majority of this court is of the opinion that considering the facts of the case pertaining to the foreclosure suit in which appellees were not served with summons, that in the present action, in which appellees are not plaintiffs, but in which they merely defend and seek no affirmative relief, they are not properly to be designated as "execution debtors" within the purview of G. S. 1935, 60-304, *first,* and that the statute is not presently applicable to them.

We do not rest our decision solely on the above conclusion. It is implicit in the above statute of limitations that the possession of the person holding title under any sale made in pursuance of the

judgment must have been adverse to the right of the former owner. Attention has heretofore been directed to some correspondence had by persons representing appellant with appellee Mrs. Dykes, shortly before the instant action was commenced. Appellant directs our attention to 2 C. J. 105 where it is said that an attempt by an adverse occupant to buy an outstanding title is sometimes held to break the continuity of his possession, but that the better view is that such an offer does not necessarily amount to such a recognition of title in another as will break the continuity of possession, and that the rule of the latter class of decisions is that each case depends on its own facts and circumstances. We need not pursue that idea further, for in our opinion the portion of the letter to Mrs. Dykes quoted above was a clear recognition that she had a present valid interest in the real estate, and this is strengthened by the fact that in the petition in the quiet title action subsequently filed, the plaintiff did not allege he held adverse possession of the real estate. Under the facts of this case it may not be said that appellant held adversely to the appellees.

It may be observed that suits to quiet title had their origin in equity jurisprudence. In many jurisdictions, as in Kansas, provisions were made for statutory actions to quiet title. Whether such statutory actions entirely supplanted and displaced suits in equity need not be discussed, but that in such statutory actions in this state equitable principles have been applied is beyond question.

A consideration of the entire record in this case discloses that a suit was brought to foreclose a mortgage and although appellees were named as mortgagors plaintiff failed to have them served with summons so that they might defend. The present appellant had the action revived in his name as executor and as such had judgment in his favor, and as a result of sale had, procured a certificate of purchase, which he subsequently assigned to himself individually, and which individually he surrendered for a sheriff's deed, under which he claims. Now by reason of his own failure to procure an unassailable judgment, and the mere lapse of time, he seeks to have the appellees cut off, although in his letters he clearly recognizes their rights and that he has an effective remedy. Under such circumstances, it was proper that the trial court refused the relief prayed for, and its judgment is affirmed.