No. 38,249

SHELL OIL COMPANY, INCORPORATED, *Appellee*, v. BOARD OF COUNTY COMMISSIONERS OF GRANT COUNTY, KANSAS, H. W. STUBBS, W. P. WESLEY and C. L. DEW, *Appellants*.

(237 P. 2d 257)

Opinion on rehearing filed November 10, 1951. (For original opinion see *Shell Oil Co. v. Board of County Comm'rs*, 171 Kan. 159, 231 P. 2d 220.)

Logan N. Green, Roland H. Tate and Daniel R. Hopkins, all of Garden City, were on the briefs for the appellants.

Kirke W. Dale, of Arkansas City, and Jesse M. Davis, of Tulsa, Oklahoma, argued the cause, and Chas. Vance, of Liberal, and Geo. W. Cunningham, of Tulsa, Oklahoma, were with them on the briefs for the appellee.

The opinion of the court was delivered by

PRICE, J.: The original opinion in this case is reported at 171 Kan. 159, 231 P. 2d 220. The facts will not be repeated here. A rehearing was granted to appellee, and it is argued that the application of G. S. 1941 Supp. 79-2804b to prevent the recovery of title to land as against one claiming under a void deed constitutes a taking of property without due process of law in violation of the Fourteenth Amendment to the Constitution of the United States, and that the legislature cannot change ownership into a mere right of action and then declare a forfeiture of the title if the owner fails to bring an action within the six months' period provided for in the statute.

We have examined these arguments and the authorities cited in support thereof, but in our opinion they are either inapplicable to the question before us or without substantial merit.

Further consideration of this question convinces us of the soundness of the rule laid down in our original opinion, namely, that in proceedings governed by the tax foreclosure act (G. S. 1941 Supp. 79-2801 to 2809) every action, either legal or equitable, to open, vacate, modify or set aside any judgment rendered for taxes, or any order of sale or sale made thereunder, including those actions brought on the grounds and in the manner prescribed by the code of civil procedure, must be commenced within six months after the date of confirmation of sale (G. S. 1941 Supp. 79-2804b). We think it was within the power of the legislature to enact such a statute fixing a definite time within which such an action may be brought. While factually dissimilar, see O'Keefe v. Behrens, 73 Kan. 469, 85 Pac. 555, 8 L. R. A. (N. S.) 354; James v. Logan, 82 Kan. 285, 108 Pac. 81, 136 A. S. 105; Erskine v. Dykes, 158 Kan. 788, 150 P. 2d 322; Schlemeyer v. Mellencamp, 159 Kan. 544, 156 P. 2d 879; and Bradley v. Hall, 165 Kan. 358, 194 P. 2d 943, as bearing on the general subject matter.

We adhere to our original opinion.

SMITH, J., dissenting.