No. 39,991

In the Matter of the Estate of James Patrick, Deceased. (Harold Patrick, *Appellant,* v. Lucille Mulholland, *Appellee.*)

(297 P. 2d 201)

Opinion filed May 5, 1956.

*Paul A. Wolf,* of Hugoton, argued the cause, and *J. S. Brollier,* of Hugoton, was with him on the briefs for the appellant.

*D. O. Concannon,* of Hugoton, argued the cause, and *H. M. Hood* and *Jack Hood,* both of Borger, Texas, were with him on the briefs for the appellee.

The opinion of the court was delivered by

Parker, J.: James Patrick, a resident of Stevens County, died intestate on March 1, 1933. So far as the record discloses he left two children (Lucille Mulholland and Harold Patrick) as his only heirs at law and was the owner of a ninety-four-acre tract of real estate in Stevens County. On April 23, 1933, pursuant to action by the probate court of that county, C. E. Prine was appointed and qualified as administrator of his estate. On April 14, 1937, the administrator commenced proceedings to sell the land for purposes

of paying debts and cost of administration. Pursuant to such proceedings the land was sold and the property conveyed to Lucille Mulholland by an administrator's deed. This instrument, acknowledged by the probate judge of Stevens County, was executed on June 1, 1940, and filed for record in the office of the Register of Deeds on January 4, 1941. Thereafter, and by order of the probate court dated May 31, 1941, the estate was closed and the administrator discharged.

On February 10, 1954, more than thirteen years after the execution and recordation of the administrator's deed and more than twelve years after the date of final settlement of the estate, Harold Patrick filed a motion in the probate court for an order vacating and setting aside the sale proceedings on the ground such proceedings were void. Thereafter, and following a hearing at which Lucille Mulholland was present and participated, the probate court sustained this motion and executed an order wherein it vacated all such proceedings.

Subsequently, on appeal from this ruling, the district court proceeded to try the case *de novo* and found the motion to vacate the sale proceedings should be denied. Thereupon it rendered its judgment which, omitting formal averments in the journal entry of no consequence to the issues, reads:

"1. That at all times material hereto subsequent to April 23, 1933, C. E. Prine was the legally appointed, qualified, and acting administrator of said estate, and that the Probate Court of Stevens County, Kansas, had jurisdiction to probate said estate;

"2. That on May 3, 1937 at 10 o'clock a. m. of said day, the Probate Court acquired jurisdiction to make an order of sale to said real estate involved herein, which jurisdiction was acquired by virtue of the petition for an order of sale, the order setting the same for hearing and specifying publication notice, and the proof of publication.

"3. That all records of the Probate Court that would in any way show transactions in connection with said estate, including appearance and fee dockets, recorded journals and orders, and the files of said estate, were introduced into evidence. None of said records show any notations that would indicate that an order of sale was filed.

"4. That an Order, dated and filed March 23, 1939, based upon a petition of the same date and without notice, was signed by the Probate Judge and provides: 'It is therefore by the court ordered, adjudged and decreed . . . that the orders affecting the sale of real estate be maintained in force and that the administrator be directed to sell the same in accordance with the original order herein made . . .'

"5. That on May 8, 1940, a petition for the administrator was filed ask-

ing, among other things, that the Court fix a date for hearing on this petition; that at said time appraisers be appointed to determine the value of the real estate herein described and tentatively sold, and approve the sale subject to said appraisement. The Probate Court set said hearing for June 1, 1940, at 10 o'clock a. m. of said day. Proof of publication was filed on June 1, 1940, showing notice of hearing on said petition.

"6. That on June 1, 1940, the Probate Court made an order appointing appraisers and on said date the appraisers signed the oath and made and filed an appraisement showing the 'equity of estate valued at $50.00', subject to incumbrances of record. On June 1, 1940, the administrator filed a report of sale showing said land was sold to Lucille Mulholland for $50.00, the same being the appraised value of the equity owned and held by said estate. On June 1, 1940, an Administrator's Deed to said land was issued by the administrator to Lucille Mulholland and was acknowledged by the Probate Judge, although not formally approved by said Probate Judge. Said deed was recorded on January 4, 1941;

"7. On December 26, 1951, A. E. Kramer, Attorney of record for the administrator, filed a motion for *nunc pro tunc* order confirming the sale of said real estate. On the same date (December 26, 1951) the Probate Court entered an order of confirmation of the sale of said real estate as of June 1, 1940, which order was made without notice;

"8. That the only instruments on file that mention the kind of sale (public or private) and the terms thereof, are:

" 'a. The petition, filed April 14, 1937, for an order of sale which asks that the real estate be sold at public or private sale and upon such terms as the Court may order or the law prescribe, and,

" 'b. The administrator's deed which recites that the Court by its order of sale dated May 3, 1937, specified that the real estate be sold "by said administrator at private . . ., for cash in hand." '

"9. That the order dated March 23, 1939, and signed by the Probate Court was an order of the court, and not a self-serving declaration by the administrator in the way of a petition or other pleading. This order recognizes that an order of sale had been previously made. However, said order does not specify the kind of sale, whether public or private or for cash.

"10. That the order of June 1, 1940, made by the probate judge appoints appraisers, which is a prerequisite to a private sale only, and was based upon a petition filed May 8, 1940, of the administrator, which asks that appraisers be appointed to determine the value of the real estate herein described and tentatively sold, which would lead to the conclusion that the Court recognized the same as a sale for cash in hand.

"11. It is my opinion that the numerous other errors and omissions were cured by the administrator's deed having been on file for more than five years.

"It Is Therefore by the Court Considered, Ordered and Decreed that the motion of Harold Patrick to vacate proceedings for the sale of real estate should be and is hereby denied."

Following rendition of the foregoing judgment and the overruling of his motions for judgment on the trial court's findings of fact and for a new trial Harold Patrick perfected the instant appeal.

Boiled down and stripped of all excess verbiage the gist of all contentions raised by appellant on this appeal is based upon the premise that the administrator's deed in question is void because the evidence in the district court failed to establish an order of sale in probate court to support it. In the face of the heretofore quoted findings of the trial court, and other evidence before it not therein specifically mentioned, we are inclined to the view appellant's position with respect to the force and effect to be given the evidence is not warranted by the record. See, e. g., Findings Nos. 2, 4, 5, 6 and 9, heretofore quoted. Even so, for reasons to be presently noted, it is neither necessary nor required that we here consider, discuss or determine the many interesting questions raised by appellant with respect to that subject.

Pointing out that the administrator's deed had been on record in the office of the Register of Deeds for more than thirteen years preceding the date of the commencement of the action and that such instrument was regular and in due form, containing recitals showing that the administrator had obeyed the rules and directions of the law in every respect in making the sale which led to its execution, appellee directs our attention, as she did in pleadings filed by her in the district court, to provisions of our statute of limitations G. S. 1935, 60-304, now G. S. 1949, 60-304, which read:

"Actions for the recovery of real property, or for the determination of any adverse claim or interest therein, can only be brought within the periods hereinafter prescribed, after the cause of action shall have accrued, and at no time thereafter:

. . . . . . . . . . .

"*Second.* An action for the recovery of real property sold by executors, administrators or guardians, upon an order or judgment of a court directing such sale, brought by the heirs or devisees of the deceased person, or the ward or his guardian, or any person claiming under any or either of them, by title acquired after the date of the judgment or order, within five years after the date of the recording of the deed made in pursuance of the sale."

and contends that such statute has run in favor of the administrator's deed and bars an action where—as here—the essence thereof is to set aside an administrator's sale of real estate and recover the property so sold and conveyed.

We think the question thus raised by appellee must be answered in the affirmative on the basis of our early decision of *Young v. Walker*, 26 Kan. 242, where, with respect to a somewhat similar situation and in determining the force and effect to be given an earlier statute of like import, we said and held:

"We shall assume for the purposes of the case, that, except for the statute of limitations, the administrator's deed would be void. We shall assume for the purposes of the case, that the irregularities in the proceedings of the probate court, and of the administrator, are sufficient to render the administrator's deed void in any action or proceeding that might have been commenced before the statute of limitations had completely run, and this whether the deed was attacked directly or collaterally; and with such assumptions, we shall proceed to a discussion of the question, whether the statute of limitations has in fact so run as to make the deed valid. Of course the statute of limitations must have some use. It was not enacted for the purpose of curing administrators' deeds which were already good. It was really enacted for the purpose of curing administrators' deeds which would otherwise be void;

". . . If everything was regular, there would be no need of any statute of limitations. If the administrator's deed was valid without such statute, then there would be no need of the statute. Therefore it is evident that the statute was enacted for the purpose of curing administrators' deeds which would otherwise be void. . . ." (pp. 249, 250, 251.)

Also by a more recent decision, *O'Keefe v. Behrens,* 73 Kan. 469, 85 Pac. 555, which is now regarded as our leading case on the point, where, in reiterating verbatim what has just been quoted and after discussing at great length the reasons behind the pronouncement of the rule therein announced, we reached the same conclusion and held:

"Section 16 of the code of civil procedure (Gen. Stat. 1901, § 4444), requiring actions brought by the heirs of a deceased person for the recovery of real property descending to them but sold by an administrator of the estate of the decedent upon an order of court directing such sale to be commenced within five years after the date of the recording of the deed made in pursuance of the sale, applies to sales which are void for want of notice to the heirs of the proceedings upon which the deed is based." (Syl. ¶ 1.)

And in concluding portions of the opinion said:

"Although length of years may not give jurisdiction or, in a certain sense, make good that which is void (*Foreman v. Carter,* 9 Kan. 674, 678), an act of the legislature may, out of consideration for the public welfare, oblige interested persons to assert their rights within a limited time or forever hold their peace . . ." (p. 479.)

For later decisions of like import, wherein the foregoing decisions and the rules therein announced are considered, discussed, approved and applied, see *James v. Logan,* 82 Kan. 285, 108 Pac. 81; *Erskin v. Dykes,* 158 Kan. 788, 150 P. 2d 322; *Schlemeyer v. Mellencamp,* 159 Kan. 544, 551, 156 P. 2d 879; *Bradley v. Hall,* 165 Kan. 358, 362, 194 P. 2d 943.

In an attempt to forestall our conclusion his action was barred

by the statute of limitations appellant directs our attention to the fact, stipulated as the result of a pretrial conference, that neither he nor the appellee had been residents of or lived in the State of Kansas subsequent to June 1940, and contends, referring to G. S. 1935, 60-309, now G. S. 1949, 60-309, that that fact tolled the running of the statute of limitations (G. S. 1949, 60-304, *Second*). Under our decisions (See *Travis v. Glick*, 150 Kan. 132, 142, 91 P. 2d 41; *Herthel v. Barth*, 148 Kan. 308, 313, 81 P. 2d 19; *Bell v. Hernandez*, 139 Kan. 216, 223, 30 P. 2d 1101; *Hogaboom v. Flower*, 67 Kan. 41, 42, 72 Pac. 547) the short and simple answer to this contention is that this was an action to affect the *res* which might have been instituted at any time within five years after appellant's alleged cause of action accrued in the county where the land was situated and service could have been obtained by publication; hence nonresidence and absence of either of the parties from the state had no effect on the running of the statute.

Finally it should be stated we have not overlooked but rejected another contention advanced by appellant, to the effect the statute of limitations does not apply to an administrator's deed which is not based on an order or judgment of a court directing such sale, simply and solely because it has no application under the existing facts and circumstances. The trial court found (see its Finding No. 2), and we think properly so, that by virtue of the petition for authority to sell, the order setting that application for hearing and specifying publication notice and the proof of publication, the probate court acquired jurisdiction on May 3, 1937, to order the sale of the real estate in question. Assuming *arguendo* no order of sale was made on that date the uncontroverted record (See trial court's Finding No. 4) is that thereafter, and on March 23, 1939, the probate court without notice made an order wherein it recognized that a prior order of sale had been made and directed the administrator to sell the real estate in accord with its terms. Good or bad, void or valid, that action on the part of the probate court resulted in "an order or judgment of a court" within the meaning of those terms as used in the heretofore quoted statute of limitations.

We find nothing in other arguments advanced by appellant, either with respect to the case in chief or the trial court's action in overruling his motion for a new trial, warranting a change in the views heretofore expressed. It follows the judgment must be affirmed and it is so ordered.