Nos. 40,221 and 40,651

WENDELL M. DOONAN and WANDA LEE DOONAN, *Appellees*, v. EUNICE V. CROSSLAND and W. R. CROSSLAND, *Appellants*.

(311 P. 2d 1011)

Opinion filed June 8, 1957.

*Melvin O. Nuss*, of Great Bend, argued the cause, and *Vernon L. Nuss*, of Great Bend, was with him on the briefs for the appellants.

*Warren H. Kopke* and *Barton Carothers*, both of Great Bend, argued the cause and were on the briefs for the appellees.

The opinion of the court was delivered by

Price, J.: This was an action by the owners of certain property against their lessees in a written lease to recover past-due rentals and possession of the property because of breach of the provisions of the lease. Judgment was rendered in favor of plaintiffs and defendants have appealed.

Allegations of the petition need not be detailed other than to state that they alleged violation by defendants of the provisions of the lease relating to payment of monthly rental, and the prayer was that plaintiffs have possession of the property and judgment for $1,100 allegedly owed to them. Copies of the written lease, a subsequent written agreement between the parties, and of a notice to vacate, were attached to the petition as exhibits. The answer denied that defendants were indebted to plaintiffs for past-due rent, and by their cross petition defendants sought recovery of an indebtedness allegedly owed by plaintiffs upon an open account for merchandise purchased by plaintiffs from defendants, and for an additional amount alleged to have resulted from failure of plaintiffs to carry out their agreement with respect to supplying fill dirt for a portion of the premises.

The case was tried by the court without a jury, and it appears that on May 16, 1955, after both sides had rested, the court took the matter under advisement pending the filing of briefs.

On June 6, 1955, the matter being still under advisement, counsel for plaintiffs filed a motion requesting permission to reopen their case for the purpose of introducing into evidence a certain demand for payment of rent sent by registered mail to defendants, such evidence being deemed essential to the determination of the case then being under advisement. Counsel for defendants were served with a copy of this motion.

On June 9, 1955, it appears that the trial judge was in his office adjoining the courtroom and at that time counsel for plaintiffs requested permission to take up the motion. The judge directed counsel to call by telephone one of defendants' attorneys, and the record shows that this was done in the presence of the judge and court reporter. It further appears (although the fact is disputed) that defendants' counsel replied that he could not be present but that he had no objection to the matter being presented.

Accordingly, plaintiffs were permitted to reopen their case and

introduced a copy of a letter sent by registered mail to defendants prior to the commencement of the action, in which demand for possession of the premises was made because of default in payment of monthly rental. The return receipt, signed by defendant W. R. Crossland, also was introduced.

On November 4, 1955, the court rendered judgment in favor of plaintiffs for possession of the premises and for $427.39, this figure being the difference between $1,100, found to be due plaintiffs, and $672.61, found to be due from plaintiffs to defendants.

No useful purpose would be served by setting forth the evidence upon which the court based the money judgment. It has been examined and considered, and we have no hesitancy whatever in holding that the trial court's conclusion in the matter is supported by the record and is correct.

The chief complaint made by defendants in this appeal is that the court erred in permitting plaintiffs to reopen their case and introduce evidence of the written demand to defendants for possession of the premises, in the absence of counsel for defendants.

In this connection it is to be borne in mind that on June 9, 1955, judgment had not yet been rendered, although on May 16th the court had taken the case under advisement pending the filing of briefs. Under such circumstances, it was entirely within the discretion of the court to permit either or both of the parties to reopen the case for the introduction of additional evidence. (*Angola State Bank v. Fry,* 130 Kan. 641, 287 Pac. 245; *Erskine v. Dykes,* 158 Kan. 788, 791, 150 P. 2d 322, and Hatcher's Kansas Digest, Revised Edition, Trial, § 25.) Concededly, counsel for defendants were entitled to be notified concerning when the motion to reopen would be heard. The record contains an affidavit by counsel for each side respecting this matter of notice, or lack of such, the gist of defendants' counsel's contention being that he received no notice and had no recollection of being called by telephone concerning the same. Under the circumstances, it would seem that our only course is to uphold the action of the trial court in finding that defendants' counsel orally waived any objection to plaintiffs reopening their case, and to conclude that counsel for defendants simply is honestly mistaken in his recollection of what transpired.

A further contention is made that the trial court erred in hearing the motion and permitting the introduction of the further evidence in "chambers" rather than in "open court." Under the circum-

stances, there is no necessity to go into the subject of the powers of a court or judge in chambers, for clearly it was not error for the trial judge to hear the matter in question in his office adjoining the courtroom, and defendants' contention in this regard is without merit.

As heretofore stated, the money judgment in favor of plaintiffs is supported by the evidence, and with respect to the matter of the demand for possession of the premises being made upon defendants prior to the commencement of the action there is no question but that such demand was made, and, defendants being in default, plaintiffs, under the provisions of the lease, were entitled to possession. It does not appear that defendants were in any way prejudiced in the trial of this case, and, no error being made to appear, the judgment must be and is therefore affirmed.

It should be stated that defendants filed two notices of appeal in this case, each being given a separate case number by our clerk. As presented, however, they were consolidated and our decision covers both cases.